**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DONTRALE PHILLIPS (#464769)**            **CIVIL ACTION**

**VERSUS**

**CLINTON REID**            **NO. 15-385-JWD-SCR**

**RULING ON MOTION RELIEF FROM ORDER**

Before the Court is the plaintiff's Motion for Relief From a Order to Pay Full Filing Fee (R. Doc. 5),

Plaintiff filed this motion pursuant to Rule 6(b), Fed. R. Civ. P. Plaintiff seeks reconsideration of the July 15, 2015 Order to Pay Full Filing Fee[1] which denied his Motion to Proceed *in Forma Pauperis* because he has three prior cases or appeals which were dismissed as frivolous or for failure to state a claim as provided in 28 U.S.C. § 1915(g). Plaintiff asserts that one of his three prior dismissals, in *Dontrale Demarko Phillips v. Rapides Parish, et al.,* Civil Action No. 13-1925-JTT-JDK (W.D.La.), should not be counted against him because the dismissal in that case was not based upon a finding of frivolousness but, instead, upon a determination that (1) his claim for release from confinement had to first be pursued in a *habeas corpus* proceeding, and (2) his claim for monetary damages was premature in light of the decision in *Heck v. Humphrey*, 312 U.S. 477 (1994). Plaintiff believes that the dismissal in that prior case does not count as a "strike" within the meaning of § 1915(g).

---

[1] Record document number 4.

Plaintiff is mistaken. The referenced dismissal is a strike because the Court found that the relief requested was unavailable and, therefore, the plaintiff failed to state a claim upon which relief may be granted. *See Eaton v. McGee*, 113 Fed. Appx. 9 (5th Cir. 2004) (finding that the dismissal of a plaintiff's claim based on *Heck v. Humphrey* amounted to a strike under § 1915(g)). *See also Johnson v. McElveen*, 101 F.3d 423 (5th Cir. 1997) ("[plaintiff] cannot state a claim so long as the validity of his conviction has not been called into question ..."); *Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994)("a cause of action seeking damages under § 1983 for an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated..."); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) ("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post-*Heck*, because the plaintiff's action has been shown to be legally frivolous").

Accordingly, the plaintiff's Motion for Relief From a Order is **DENIED.**

Plaintiff is reminded that failure to pay the full filing fee within 21 days of the date of Order to Pay Full Filling Fee may result in dismissal of his Complaint.

Baton Rouge, Louisiana, July 27, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

2