UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONTRALE PHILLIPS (#464769)            CIVIL ACTION

VERSUS

CLINTON REID            NO. 15-385-JWD-SCR

### RULING

On July 15, 2015, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), this Court entered an Order denying the plaintiff's motion to proceed *in forma pauperis* and ordering him to pay, within twenty-one (21) days, the full amount of the Court's filing fee. *See* R. Doc. 4. The referenced Order advised the plaintiff that a failure to comply with the Court's Order within the time allowed "may result in the dismissal of the plaintiff's Complaint without further notice." *Id.* Although the plaintiff challenged that Order by filing a "Motion for Relief From a Order to Pay Full Filing Fee," *see* R. Doc. 5, the Court denied the plaintiff's motion on July 27, 2015, and again reminded the plaintiff that "failure to pay the full filing fee within 21 days ... may result in dismissal of his Complaint." *See* R. Doc. 6. Notwithstanding the foregoing, a review of the record reflects that the plaintiff has failed to pay the Court's filing fee as directed.

In accordance with 28 U.S.C. § 1915, a prisoner filing a civil action or appeal in federal court may be granted *in forma pauperis* status but is nonetheless required to pay the full amount of the

Court's filing fee over time in incremental installments. However, such incremental payments are not allowed and pauper status shall be denied where the prisoner has filed, on at least three prior occasions while incarcerated, actions or appeals that have been dismissed as legally baseless. Specifically:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Accordingly, pursuant to *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), and 28 U.S.C. § 1915(g), this Court denied the plaintiff's motion to proceed *in forma pauperis* and directed him to pay the full amount

---

1. Cases or appeals filed by the plaintiff which have been dismissed by the federal courts as frivolous or for failure to state a claim include, but are not limited to, Dontrale Demarko Phillips v. John C. Simoneaux, et al., Civil Action No. 13-2438-DDD-JDK (W.D. La.); Dontrale Demarko Phillips v. Rapides Parish, et al., Civil Action No. 13-1925-JTT-JDK (W.D. La.); and Dontrale Phillips v. Rapides Parish Judge's Office, et al., Civil Action No. 15-0250-SDD-SCR (M.D. La.) Whereas the plaintiff's most recent case is not yet final because the plaintiff has filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit from the Judgment entered in that case, the United States Supreme Court has recently concluded that a frivolous dismissal in the district court may be counted as a "strike" notwithstanding the pendency of an appeal. See Coleman v. Tollefson, 135 S.Ct. 1759 (2015).

of the Court's filing fee.[2] Because of his failure to do so within the time allowed, the above-captioned proceeding shall be dismissed. Accordingly,

**IT IS ORDERED** that the above-captioned proceeding be dismissed, without prejudice, for failure of the plaintiff to pay the Court's filing fee.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 24 day of August, 2015.

JOHN W. deGRAVELLES
**UNITED STATES DISTRICT JUDGE**

---

2. The Court has previously determined that the allegations of the plaintiff's Complaint do not meet the "imminent danger" exception contained in 28 U.S.C. § 1915(g). See R. Doc. 4 n. 2.